ON MOTION FOR REHEARING
MYERS, J.,
for the Court.
¶ 1. The chancery court denied Thomas Moody’s motion for entry of supplemental judgment of divorce and -at the same time found Mr. Moody to be in contempt of court for failing to follow the prior orders of the court. On June 20, 2003, Mr. Moody filed a notice of appeal which stated that he was appealing the chancery court’s “ruling ... denying his Motion for Entry of Supplemental Judgement of Divorce.” Because this Court inadvertently addressed issues which had been dismissed from the appeal, this Court grants the appellee’s motion for rehearing, withdraws its prior opinion, and substitutes this opinion in its place.
¶ 2. After the notice of appeal was filed, Laura Moody, as appellee, filed with the Mississippi Supreme Court a Motion to Docket and Dismiss Appeal and Motion for Sanctions. Mr. Moody did not file a response. The supreme court granted the motion to the extent that the court found that the notice of appeal of the Final Judgment of Divorce was not timely filed and granted that part of the appellee’s motion. The court did not grant the part of the *1205 motion which sought to dismiss the appeal of the Final Judgment of Contempt.
¶3. Despite the supreme court’s order, the appellant in his brief before the Court addressed not only the judgment of contempt but also issues concerning the judgment of divorce which had been eliminated from the appeal. A motion to strike those issues already dismissed by the supreme court was passed for consideration along with the merits of the appeal by the supreme court. We now find that the motion should have been granted to the extent that the part of the brief addressing issues previously dismissed should have been struck from the brief. The motion for sanctions should be denied.
¶ 4. Based on the supreme court’s order, the only issue remaining before this Court is that part of the June 23 judgment that found Mr. Moody in contempt of court.
DISCUSSION
¶ 5. The November 18, 2002 amended memorandum opinion stated, among other things, that Ms. Moody was entitled to one-half interest in an IRA that was in Mr. Moody’s name; Mr. Moody was to pay the college tuition of their oldest son; Mr. Moody was to pay Ms. Moody and the children’s medical expenses not covered by insurance; and Mr. Moody was to have a life insurance policy naming Ms. Moody as trustee. Mr. Moody failed to comply fully with these orders and the June 2003 finding of contempt was based upon this fact. “The factual findings of the chancery court in a civil contempt case are affirmed unless manifest error is present and apparent.” Premeaux v. Smith, 569 So.2d 681, 683 (Miss.1990).
¶ 6. Mr. Moody was obligated to follow a court order until amended or reversed. He did not when he failed to make the required payments. The behavior necessary for a finding of contempt must amount to a willful or deliberate violation of a judgment or decree. Dunaway v. Bushin, 498 So.2d 1218, 1222 (Miss.1986). The chancellor was correct to find contempt. Rogers v. Rogers, 662 So.2d 1111, 1114 (Miss.1995).
¶ 7. THE JUDGMENT OF THE CHANCERY COURT OF LAMAR COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., BRIDGES AND LEE, P.JJ., IRVING, CHANDLER AND GRIFFIS, JJ., CONCUR. BARNES AND ISHEE, JJ., NOT PARTICIPATING.